UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| R.B.A.,<br><br>  Plaintiff(s),<br><br>  v.<br><br>KRISTI L.A. NOEM et al. ,<br><br>  Defendant(s). | CASE NO. C25-562-KKE<br><br>ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO PROCEED ANONYMOUSLY AND FOR PROTECTIVE ORDER |

Plaintiff requests leave to proceed in this action pseudonymously and a protective order requiring Defendants to maintain confidentiality in all filings and public proceedings. Dkt. No. 3. The motion is noted for April 17, 2025, but no defendants have appeared in the matter thus far. *Id.* Because the Court finds no reason to delay disposition of this issue, the Court GRANTS IN PART and DENIES IN PART the motion (Dkt. No. 3).

## I. BACKGROUND[1]

Plaintiff is a 34-year-old native of Ethiopia. Dkt. No. 1 at 1. She arrived in the United States on May 29, 2016, seeking asylum from persecution in her home country. *Id.* at 1, 2. She currently resides in Seattle, Washington. *Id.* at 3. On June 24, 2016, she filed her I-589 Application for Asylum and Withholding of Removal with the U.S. Citizenship and Immigration

---

[1] This factual background is based on Plaintiff's complaint. Dkt. No. 1.

ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO PROCEED ANONYMOUSLY AND FOR PROTECTIVE ORDER - 1

Services ("USCIS") of the Department of Homeland Security ("DHS"). *Id.* at 1–2. Over eight years have passed, and her application remains unadjudicated. *Id.*

Plaintiff filed an action in this Court on March 31, 2025. Dkt. No. 1. She alleges that Defendants Kristi L.A. Noem (the DHS Secretary), Kiki Scott (the Senior Official performing the duties of the Director of the USCIS), Ted H. Kim (the Director of the Refugee, Asylum, and International Operations Directorate of USCIS), and Danielle Lehman (Director of the San Francisco Asylum Office) unlawfully failed to timely adjudicate her asylum application in violation of the Immigration and Nationality Act ("INA"), the Administrative Procedure Act ("APA"), DHS and USCIS policies, and various immigration regulations. *Id.* at 3–7. She seeks an order from this Court compelling Defendants to perform their duty to act upon Plaintiff's asylum application. *Id.* at 8; *see* 28 U.S.C. § 1361.

On April 3, 2025, Plaintiff requested leave to proceed anonymously and moved for a protective order "requiring Defendants to maintain confidentiality in all filings and public proceedings." Dkt. No. 3 at 1.

## II. LEGAL STANDARDS

Under Federal Rule of Civil Procedure 10(a), "the complaint must name all the parties." Therefore, "[t]he normal presumption in litigation is that parties must use their real names." *Doe v. Kamehameha Schs./Bernice Pauahi Bishop Est.*, 596 F.3d 1036, 1042 (9th Cir. 2010) (loosely relating this presumption to the public's right to open courts and the right of private individuals to confront their accusers). The Ninth Circuit permits parties "to use pseudonyms in the 'unusual case' when nondisclosure of the party's identity 'is necessary ... to protect a person from harassment, injury, ridicule or personal embarrassment.'" *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1067–68 (9th Cir. 2000). Accordingly, the Ninth Circuit directs courts to apply a "balancing test" and determine whether "the party's need for anonymity outweighs

prejudice to the opposing party and the public's interest in knowing the party's identity." *Id.* at 1068.

The Ninth Circuit provides the following factors to evaluate the need for anonymity: "(1) the severity of the threatened harm; (2) the reasonableness of the anonymous party's fears; and (3) the anonymous party's vulnerability to such retaliation." *Advanced Textile Corp.*, 214 F.3d at 1067–68 (citations omitted). Courts must also consider "whether proceedings may be structured so as to mitigate [the] prejudice [at each stage of the proceedings to the non-movant]" and "decide whether the public's interest in the case would be best served by requiring the litigants reveal their identities." *Id.* at 1068–69 (citing *Doe v. Stegall*, 653 F.2d 180, 185 (5th Cir. 1981) (finding that "[p]arty anonymity does not obstruct the public's view of the issues joined or the court's performance in resolving them")).

### III. ANALYSIS

The Court finds sufficient grounds for Plaintiff to proceed pseudonymously. R.B.A. alleges that she endured persecution in Ethiopia and that she fears for her safety if she were forced to return to her home country. Dkt. No. 1-2. She also alleges that she worries over her family's safety, who still reside in Ethiopia. *Id.*

The first three factors weigh in favor of granting Plaintiff's motion. Courts in this district and broader Circuit have regularly granted plaintiffs leave to file anonymously in cases relating to asylum proceedings. *See, e.g.*, *S.H.T. v. Mayorkas*, No. C24-0755JLR, 2024 WL 3106227, at *2 (W.D. Wash. June 24, 2024) (granting motion where plaintiff was an Ethiopian native seeking asylum from past persecution); *E.H.A. v. United States Citizenship & Immigr. Servs.*, No. 2:24-cv-01120-RSL, 2024 WL 3935504, at *1 (W.D. Wash. Aug. 26, 2024) (plaintiff was an Ethiopian national alleging that he was tortured by the police in his home country); *H.A.W. v. Mayorkas*, No. C24-1065JLR, 2024 WL 3650695, at *1 (W.D. Wash. Aug. 5, 2024); *Doe v. U.S. Citizenship &*

*Immigr. Servs., et al.*, No. 121CV00576NONESAB, 2021 WL 1907562, at *1, *4 (E.D. Cal. May 12, 2021); *Poozesh v. Pompeo*, No. 1:19-cv-01466-LJO-SKO, 2019 WL 6052363, at *2 (E.D. Cal. Nov. 15, 2019); *Doe v. Holder*, 736 F.3d 871, 872 n.1 (9th Cir. 2013).

Additionally, Defendants will not be prejudiced if Plaintiff were to proceed anonymously. Plaintiff represents that she will privately disclose her identity to Defendants "upon the appearance of Defendants' counsel." Dkt. No. 3 at 4. Therefore, Defendants' ability to develop their case will not be impeded by Plaintiff's anonymity. *Jane Roes 1-2 v. SFBSC Mgmt., LLC*, 77 F. Supp. 3d 990, 996 (N.D. Cal. 2015).

And lastly, the Court finds that public interest favors allowing Plaintiff to proceed pseudonymously. Lawsuits that enforce constitutional and statutory rights benefit the public, and the public has a right to see this case decided on the merits. *Advanced Textile Corp.*, 214 F.3d at 1073. That said, the Court is also cognizant that disclosure of Plaintiff's identity may disincentivize future lawsuits from other asylum seekers, and potentially harm the public's interest. *See id.*; *Al Otro Lado, Inc. v. Nielsen*, No. 17-CV-02366-BAS-KSC, 2017 WL 6541446, at *7 (S.D. Cal. Dec. 20, 2017) ("Requiring the Individual Plaintiffs to use their true names despite their fear of harm from the persons they have sought to flee, creates an unnecessary risk of chilling the willingness of asylum seekers from litigating important issues like the ones raised in this case."). As such, the Court finds it appropriate to grant Plaintiff's motion to proceed anonymously.

Plaintiff also requests that the Court enter a "protective order." Dkt. No. 3 at 5, Dkt. No. 3-1. It is unclear from Plaintiff's motion whether she seeks additional relief beyond proceeding under a pseudonym, and what she means by "requiring Defendants to maintain confidentiality," as her proposed order does not contain any substantive terms apart from the pseudonym. Dkt. No. 3 at 1. While a protective order may at some point be appropriate in this matter, the Court lacks sufficient information to adjudicate this request at this time, and thus denies Plaintiff's request for

ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO PROCEED ANONYMOUSLY AND FOR PROTECTIVE ORDER - 4

a protective order without prejudice. To the extent Plaintiff seeks to renew her request for a protective order after Defendants appear, she may do so in accordance with Local Rule W.D. Wash. LCR 26(c)(1).

### IV.  CONCLUSION

The Court GRANTS IN PART and DENIES IN PART Plaintiff's motion (Dkt. No. 3). Plaintiff may proceed in this case under a pseudonym.

Dated this 2nd day of May, 2025.

*Kymberly K. Evanson*
Kymberly K. Evanson
United States District Judge